UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DHARMANDER SINGH, | Case No. 18-cv-02490-LB |
| Plaintiff, | |
| v. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| KIRSTJEN M. NIELSEN, et al., | Re: ECF No. 1 |
| Defendants. | |

## INTRODUCTION

Petitioner Dharmander Singh, an Indian native and citizen who is fleeing alleged persecution, is in the custody of U.S. Immigration and Customs Enforcement ("ICE").[1] Mr. Singh was detained as an arriving alien under 8 U.S.C. § 1225(b) on June 21, 2017, and he remains detained in ICE custody pending removal proceedings.[2]

Mr. Singh claims persecution by a religious sect called Dera Sacha Sauda ("DSS").[3] On February 26, 2018, an immigration judge ordered Mr. Singh's removal, holding that he had not

---

[1] Pet. for Writ of Habeas Corpus – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Return – ECF No. 12 at 1; Petition – ECF No. 1 at 1.

[3] Order – ECF No. 1-1 at 8.

ORDER – No. 18-cv-02490-LB

met his burden to show that he merited asylum, withholding of deportation, or eligibility for protection under the Convention Against Torture.[4] Mr. Singh's appeal of that decision is pending.[5]

On April 26, 2018, Mr. Singh filed a petition for writ of habeas corpus under 28 U.S.C. § 2441 asking the court to issue a writ of habeas corpus either (1) holding that his continued detention is unlawful or (2) ordering his release within 30 days unless the government schedules a bond redetermination hearing.[6] The court denies the petition. Mr. Singh does not have a statutory right to a bond redetermination hearing, and his continued detention does not violate his Fifth Amendment right to due process or the Eighth Amendment's prohibition on excessive bail.

## STATEMENT

Petitioner Dharmander Singh was born in Sirsa, Haryana, India on August 1, 1981.[7] He is married with two daughters and is a devoted Sikh.[8] His wife and daughters live in India with Mr. Singh's father.[9]

Mr. Singh attests that he became a target of the religious sect called DSS, which is headed by a local strongman, Ram Rahim Singh.[10] According to Mr. Singh, Ram Rahim Singh has "eliminated" people who speak out against DSS.[11] DSS members approached Mr. Singh to ask him to join DSS and to send his children to a DSS-run school.[12] Mr. Singh refused because the group's activities "contradict the principles of his religion."[13] Sometime after, Mr. Singh attests

---

[4] Order – ECF No. 1-1 at 16.
[5] Pet. for Writ of Habeas Corpus – ECF No. 1 at 4 (¶ 17).
[6] *Id.* at 14.
[7] Order – ECF No. 1-1 at 7.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 8.
[11] *Id.* at 8, 9.
[12] *Id.* at 8.
[13] *Id.*

that DSS members confronted Mr. Singh at the market in Sirsa, hitting him with their legs, fists, and sticks.[14] He suffered bruises and four broken toes.[15]

In June 2015, Mr. Singh traveled from India to the United States to attend a Lion's Club Meeting.[16] While he was away, the police went to his home in Sirsa, took his wife to the police station, and questioned her about Mr. Singh's whereabouts.[17] Mr. Singh believes that the police acted on behalf of DSS.[18] After returning to India, Mr. Singh did not return to Sirsa, but lived in Kaithal and then Chandigarh.[19] He was able to visit his wife and children only "once or twice," but he kept in touch by phone.[20]

In June 2017, the same DSS members who had previously attacked Mr. Singh approached Mr. Singh and his father outside of his home in Sirsa.[21] The men "carried sticks and swords, [and] threatened that they knew where the respondent lived, that they had other people with them, and that they would shoot the respondent if he did not join DSS."[22] Afterwards, Mr. Singh's father attempted to file a police report, but the police explained that due to pressure from "a higher authority," they could not accept a complaint about DSS.[23] Mr. Singh alleges that the April 2015 attack and the June 2017 threat at his home caused him to flee to the United States in fear for his life.[24] He does not believe that the police or government in India will help him.[25]

---

[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at 9.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*

On June 21, 2017, Mr. Singh arrived at San Francisco International Airport on a flight from India.[26] He applied for admission into the United States on a B1/B2 visitor visa.[27] Customs and Border Protection ("CPB") officers interviewed Mr. Singh and determined that he intended to violate the terms of his visitor visa, at which point the officers detained him and transferred him to the Contra Costa West County Detention Facility in Richmond, California.[28]

Because Mr. Singh claimed fear of returning to India, CPB referred Mr. Singh to United States Citizenship and Immigration Services ("USCIS") for a "credible fear of persecution" interview.[29] On June 29, 2017, USCIS determined that Mr. Singh had a credible fear of future persecution in India.[30] It issued a notice to appear placing Mr. Singh in removal proceedings under section 240 of the INA, and it charged him with being inadmissible as an alien who, at the time of application for admission, was not in possession of a valid, unexpired immigrant visa.[31]

On July 10, 2017, Mr. Singh filed a motion for a Bond Redetermination Hearing, and on July 12, 2017, an immigration judge denied the motion.[32] At an immigration court hearing on July 13, 2017, Mr. Singh conceded that he was removable and indicated that he would apply for relief from removal.[33] The immigration judge set an individual hearing on the merits of the application for September 6, 2017 and for various reasons relating to the court's schedule, Mr. Singh's request, and a failure of audio-visual equipment, rescheduled the hearing, first to September 18 and then to October 17, November 20, and December 26.[34] Meanwhile, on August 15, 2018, the Department of Homeland Security determined to continue Mr. Singh's detention.[35] On December 26, 2017, the

---

[26] Choi Decl. – ECF No. 13 at 2 (¶ 3).
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.* at 2 (¶ 4).
[31] *Id.*
[32] *Id.* at 2–3 ( ¶ 5).
[33] *Id.* at 3 (¶6).
[34] *Id.* (¶¶ 6, 8).
[35] *Id.* (¶ 7).

immigration judge held the first individual hearing, continued the hearing to February 5, 2018, and ordered the parties to submit additional evidence.[36] Also on December 26, 2017, the immigration judge conducted a custody redetermination hearing, found that Mr. Singh was a flight risk, and ordered Mr. Singh detained without bond.[37] The hearing was held in accordance with the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), which later was overturned by *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[38] Mr. Singh's appeal was due January 25, 2018, but no appeal was filed.[39]

On February 5, 2018, the immigration judge held a second individual hearing.[40] On February 26, 2018, the immigration judge denied Mr. Singh's petition, holding that while he was credible, he had not met his burden to show that he merited a grant of asylum or a withholding of removal and had failed to demonstrate that he was eligible for protection under the Convention Against Torture.[41] On March 14, 2018, Mr. Singh appealed to the Board of Immigration Appeals.[42]

On March 22, 2018, Mr. Singh filed a motion for a bond redetermination hearing, arguing that the immigration judge's positive finding of credibility at the February 5 hearing constituted changed circumstances.[43] The immigration judge denied the petition on April 4, 2018, explaining that Mr. Singh was "in a weaker position with respect to flight risk, having been denied relief at

---

[36] *Id.* (¶ 8).

[37] Order – ECF 1-4 at 1.

[38] Under *Rodriguez*, non-citizens subjected to detention of six months or more under either the discretionary detention provisions of 8 U.S.C. § 1226(a) or the mandatory detention provision of 8 U.S.C. § 1225(b) were entitled to bond hearings every six months where the government had the burden of proving by clear and convincing evidence that the detained non-citizen was a danger to the community or a flight risk. *Rodriguez*, 804 F.3d at 1074. *Jennings* reversed *Rodriguez* and remanded to the 9th Circuit for consideration of the petitioner's constitutional claims. 138 S. Ct. at 842–46, 851–52.

[39] Choi Decl. – ECF No. 13 at 3–4 (¶ 9).

[40] *Id.* at 4 (¶ 10).

[41] Order – ECF No. 1-1 at 10–13.

[42] *Id.* at 1–3.

[43] Choi Decl. – ECF No. 13 at 4 (¶ 11).

the Immigration Court," and that a "finding of credibility is not a material change of circumstances."[44]

Mr. Singh remains in ICE custody, which now is more than 14 months.

Mr. Singh asks the court to issue a writ of habeas corpus on the ground that his continued detention is not justified, or alternatively, to order his release within 30 days unless the respondents schedule a bond hearing before the immigration judge.[45]

## ANALYSIS

The issue is whether the court can order any relief, either by holding that Mr. Singh's detention is unlawful or by ordering his release if he does not receive a bond hearing within 30 days. The court cannot order relief and thus denies the habeas petition.

### 1. There is No Statutory Right to a Bond Hearing

Mr. Singh received a bond hearing before *Jennings* overturned *Rodriguez*. In *Jennings*, the Supreme Court held that 8 U.S.C. § 1225(b)(1) "mandate[s] detention of applicants for admission until certain proceedings have concluded," namely, "further consideration of the application for asylum." 138 S. Ct. at 842. Until those proceedings end, "nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." 138 S. Ct. at 842. The Court observed that because aliens held under § 1225(b) may be paroled for "urgent humanitarian reasons or significant public benefit," "[t]hat express exception to detention implies that there are no *other* circumstances under which aliens detained under 1225(b) may be released." *Id.* at 844 (citations and internal quotation omitted) (emphasis in the original).

There is no statutory right to a bond hearing.

---

[44] Return – ECF No. 12 at 5; Choi Decl. – ECF No. 14 at 4 (¶ 11) & Ex. G.
[45] Pet. for Writ of Habeas Corpus – ECF No. 1 at 2.

ORDER – No. 18-cv-02490-LB    6

### 2. Mr. Singh's Continued Detention Does Not Violate His Right to Due Process

The next issue is whether Mr. Singh has a due-process right to a bond hearing. The court analyzes the issue under the three-part balancing test in *Mathews v. Eldridge*, which requires the court to consider (1) the private interest affected, (2) the government's interest, and (3) the value added by alternative procedural safeguards to what has already been provided in the situation before the court. 424 U.S. 319, 334–35 (1976); *see Soto v. Sessions*, No. 18-cv-02891-EMC, 2018 WL 3619727, at * 3 (N.D. Cal. Jul. 30, 2018) (applying *Mathews v. Eldridge*). This is not a situation where Mr. Singh's detention is indefinite. *Soto*, 2018 WL 3619727, at *3 (contrasting *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); there the alien was detained beyond six months after removal was ordered; detention appeared indefinite because removal was not reasonably foreseeable.). Like the *Soto* petitioner, Mr. Singh's case is on appeal, and he "is still working through the appropriate process." *Id.* Mr. Singh also received a bond hearing before an IJ with numerous procedural protections, had the right to appeal the adverse determination to the BIA, and did not do so. *Accord id.* at *4. He was represented by counsel. *Id.* at *5.

Due process does not entitle Mr. Singh to a new bond hearing.

### 3. Mr. Singh's Detention Does Not Violate the Eighth Amendment

Mr. Singh argues that his detention violates the Eighth Amendment. It does not. The removal process is a civil proceeding and is not a criminal punishment. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).

## CONCLUSION

The court DENIES Mr. Singh's motion for a writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: August 29, 2018

_____
LAUREL BEELER
United States Magistrate Judge